Ex parte MOSES.

(Circuit Court, E. D. Pennsylvania. December 27, 1892.)

No. 32.

WITNESS—SUBPŒNA DUCES TECUM — AUTHORITY OF CLERK — PATENT OFFICE INTERFERENCE PROCEEDINGS.

Rev. St. § 4906, providing that, on the application of any party to a contested case pending in the patent office, the clerk of any federal court shall issue a subpoena for a witness commanding him "to appear and testify," does not include an authority to issue a subpoena duces tecum.

Rule to show cause why an atttachment should not issue against George Stuart for contempt in refusing to produce certain letters in

obedience to a subpoena duces tecum issued by the clerk in an interference proceeding pending in the patent office. Rule discharged.

The subpoena was issued under Rev. St. § 4906, which reads as follows: "Sec. 4906. The clerk of any court of the United States, for any district or territory wherein testimony is to be taken for use in any contested case pending in the patent office, shall, upon the application of any party thereto, or of his agent or attorney, issue a subpoena for any witness residing or being within such district or territory, commanding him to appear and testify before any officer in such district or territory authorized to take depositions and affidavits, at any time and place in the subpoena stated; but no witness shall be required to attend at any place more than forty miles from the place where the subpoena is served upon him."

Jones, Carson & Phillips, for the motion.
Archibald R. Dewey, opposed.

DALLAS, Circuit Judge. Under section 4906 of the Revised Statutes, a subpoena was issued by the clerk of this court, commanding George Stuart to appear and testify before an officer in this district authorized to take depositions and affidavits, at a time stated in the subpoena, and at a place not more than 40 miles from the place where the subpoena was served upon said George Stuart. In this subpoena a clause of duces tecum was inserted, commanding also the production of a certain letter. The subpoena is under the seal of this court, and the testimony to be taken is for use in a contested case pending in the patent office. The witness has duly appeared and testified; but, upon a ground and for reasons which need not be particularly mentioned, but which would not constitute a justification of his refusal if a lawful subpoena in that behalf had been duly served upon him, he has declined, and still declines, to produce the letter referred to. He disclaims, through his counsel, any disrespect to the court, or intended contempt of its process, and seeks only an adjudication upon the question of the regularity and sufficiency of the subpoena, as to the duces tecum clause. To this he is entitled. If the writ is not lawful, disobedience is not a contempt. Rev. St. § 725.

The authority to issue any subpoena such as has been issued in this instance is, and must be, wholly statutory. It is derived from, and is dependent solely upon, the section of the Revised Statutes which I have mentioned. In the absence of that section, any subpoena, either to testify or to produce a document, could not, in aid of a proceeding in the patent office, be lawfully issued by the clerk of this court. It, and it alone, casts the duty upon the clerk to issue a subpoena; and in charging him with the performance of that duty it expressly defines and limits its extent, and, of course, restricts his power within the same boundaries. The language of this legislation is not general or indefinite; it is particular and specific,—"the clerk * * * shall * * * issue a subpoena for any witness, * * * commanding him to appear and testify." It is not admissible that, from these words, a duty and authority to issue a subpoena commanding, under penalty, the production of documents, should be implied. This is unquestionable upon general principles; but in this matter the intent of congress that such an implication of power should not be assumed is quite obvious. In this connection it has said nothing whatever

about a subpoena duces tecum, but, in dealing with the subject of depositions under a dedimus potestatem, it has plainly and expressly distinguished a subpoena to testify merely from a subpoena duces tecum. I must presume that the distinction was in mind in the passage of section 4906, as well as in the enactment of sections 868 and 869, and that, if in the former, as in the latter, it had been intended to authorize a subpoena duces tecum, that intention would have been expressed. The rule for attachment is discharged.